IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| IN RE: | IN PROCEEDINGS UNDER CHAPTER 7 |
| JOSE M. RIVERA, SR., | CASE NO. 03-10798 |
| Debtor. | |
| MARVIN A. SICHERMAN, TRUSTEE, | |
| Plaintiff, | ADV. PROC. NO. 05-1629 |
| v. | |
| NELLIE M. RIVERA, | CHIEF JUDGE RANDOLPH BAXTER |
| Defendant. | |

## MEMORANDUM OF OPINION AND ORDER

The matter before the Court the Motion of Marvin A. Sicherman, Trustee, for Summary Judgment Against Defendant, Nellie M. Rivera, and for Order Deeming Plaintiff's Request for Admission of Facts or Documents Directed to Nellie M. Rivera Admitted ("Motion"). Defendant failed to respond to the Motion. The Trustee moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy matters under Rule 7056. Summary judgment is sought in disposition of the Trustee's adversary complaint seeking to avoid and recover certain post-petition transfers made by Debtor to Defendant, Nellie Rivera. The Court acquires core matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(A), (E) and (O), 28 U.S.C. § 1334, and General Order Number 84 of this District. The following constitutes the findings and conclusions of law in support of granting the Trustee's Motion:

Debtor filed for voluntary relief under Chapter 7 proceedings on January 22, 2003. At the time of the commencement of the case, Debtor had a personal injury claim against the Catholic Diocese of Cleveland [Trustee's Affidavit at ¶ 4]. The Debtor entered into a settlement agreement of the personal injury claim on June 19, 2003, without prior approval of this Court. [Complaint at ¶ 6]. Debtor agreed to settle his claim for $175,000.00. *Id.* Of the settlement amount, Debtor received $80,000.00 [Trustee's Affidavit at ¶ 6]. The Debtor failed to turnover these funds to the Trustee and this failure resulted in revocation of the Debtor's discharge. [*See* Adv. Proc. No. 05-1231].

The Trustee alleges that Debtor transferred $45,403.84 of the settlement proceeds to Defendant, Nellie Rivera [Complaint at ¶ 7]. The Trustee seeks to recover that amount from Defendant. The Trustee also requests that the Court find that his Request for Admissions directed to Defendant are deemed admitted. The Trustee alleges that his counsel served Defendant with requests for admissions on October 20, 2006 and that Defendant failed to respond to the Requests. The Trustee seeks to have the following facts deemed admitted:

1. Defendant opened a bank account with Loran National Bank on or about June 19, 2004 and that the account number for such account is 200006906 (the "Account").

2. Defendant deposited the sum of $60,000 into the Account on or about June 21, 2004.

3. The Debtor was the source of the $60,000 that was deposited into the account on or about June 21, 2004.

4. The Debtor either directly paid, or was the source of the funds used to pay, each of the following creditors of Defendant:

2

| Creditor | Date | Amount |
|---|---|---|
| BP Amoco | 7/26/2004 | $496.26 |
| Discover Card | 7/26/2004 | $1,075.00 |
| First National Bank of Omaha | 7/26/2004 | $1,131.72 |
| MBNA America | 7/26/2004 | $959.34 |
| MRS Associates, Inc. | 7/26/2004 | $1,054.02 |
| OSI Collection Services, Inc./Home Depot | 7/26/2004 | $351.28 |
| Fred Hanna & Assoc./Bank of America | 7/26/2004 | $2,106.02 |
| Client Services, Inc. Monogram CCB of GA/JC Penny | 8/03/2004 | $603.25 |
| Client Services, Inc. Monogram CCB of GA/ Lowe's | 8/03/2004 | $394.97 |
| Client Services | 8/05/2004 | $998.22 |
| Javitch, Block & Rathbone | 8/13/2004 | $5,451.21 |

5. Defendant is the sole owner of the real estate located at 2403 E. 34th Street in Lorain, OH 44055.

6. The Debtor either directly paid, or was the source of the funds used to pay for, the following repairs and/or improvements made to the real estate located at 2403 E. 34th Street, Lorain, OH 44055:

| Company or items paid for | Date of payment (if known) | Amount |
|---|---|---|
| Furnace | | $3,800.00 |
| Windows | 8/15/2004 | $8,100.00 |
| Custom Gutter, Inc. - siding and gutters | | $2,440.00 |
| Air Tech Plumbing - water pipes | | $340.00 |
| Lowe's - water heating plumbing | | $350.00 |
| Miller Plumbing - gas line | 11/22/2004 | $290.07 |
| Elyria Fence Company - fence | | $2,800.00 |
| Andrews Painting - house foundation | | $1,012.00 |

3

| | | |
|---|---|---|
| Lowe's - washer and dryer | | $890.00 |
| Dishwasher | | $436.12 |
| Robert Lash Computers - computer | | $1,500.00 |
| Best Buy - television | | $2,092.79 |

7.   The Debtor gave Defendant $5,000.00 in cash.

\*\*

The dispositive issue is whether there exists a genuine issue of material fact in dispute and whether summary judgment should be granted as a matter of law.

\*\*\*

The Trustee moves for summary judgment pursuant to Rule 56, made applicable to this proceeding under Bankruptcy Rule 7056, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c), Fed. R. Bankr. P. 7056 (c). Rule 56(e) describes the burden of the nonmoving party. That subsection provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e), Fed R. Bankr.P. 7056(e).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists.

4

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether the [trier of fact] could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C.Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Pavlovich v. National City Bank*, 342 F.Supp.2d 718, 722 - 723 (N.D. Ohio 2004) *citing Fulson v. City of Columbus*, 801 F.Supp. 1, 4 (S.D. Ohio 1992).

The Trustee alleges that Defendant received an unauthorized post-petition transfer of estate funds from the Debtor. Section 549 states in pertinent part:

§549. Postpetition transactions

(a) Except as provided in subsection (b) or (c) of this section the trustee may avoid a transfer of property of the estate -

(1) that occurs after the commencement of the case; and

5

(2) (A) that is authorized only under section 303(f) or 542(c) of this title, or

(B) that is not authorized under this title by the court.

11 U.S.C. § 549. Accordingly, in order to successfully avoid the transfer by the Debtor to Defendant alleged here, the Trustee must show: 1) the transfer involved property of the estate; 2) the transfer occurred after the commencement of the case; and 3) the transfer was not authorized by any provision of the Code or by the court. *In re Chattanooga Wholesale Antiques, Inc.* 930 F.2d 458 (6th Cir. 1991). A party asserting the validity of a transfer under § 549 of the Code shall have the burden of proof. Bankruptcy Rule 6001. Further, 11 U.S.C. § 550 allows the Trustee to recover a transfer avoided pursuant to § 549. Section 550 states that:

> §550. Liability of transferee of avoided transfer.
>
> > (a) . . . to the extent that a transfer is avoided under section . . . 549 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from ----
> >
> > > (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made.

The Trustee also requests the Court to deem the facts outlined, *supra*, admitted based on Defendant's failure to respond to the Trustee's duly served Requests for Admissions. A request for admissions is governed by Federal Rule of Civil Procedure 36, made applicable to adversary proceedings by Bankruptcy Rule 7036. Rule 36 provides:

> **(a) Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

6

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter…

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

Fed.R.Civ.P. 36.

Accordingly, pursuant to Rule 36, Defendant's failure to respond to the Trustee's requests for admissions resulted in the admission of the matters set forth in those requests. *Id.*; *Carney v. IRS (In re Carney*, 258 F.3d 415 (5th Cir. 2001). Rule 36 further provides that these matters were "conclusively established," unless and until the Bankruptcy Court "on motion" permitted withdrawal of the admissions. *Id.* A party's failure to respond to a request for admissions, under Rule 36, may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment. *Id.*; *Gardner v. Borden, Inc.* 110 F.R.D. 696, 697(S.D.W.Va.1986); *Freed v. Plastic Packaging Materials, Inc.*, 66 F.R.D. 550, 552 (E.D.Pa.1975).

Herein, it is undisputed that the settlement proceeds were property of the Debtor's estate. [See this Court's February 13, 2006 order in Adv. Proc. No. 05-1231]. It is also undisputed, based on Defendant's failure to respond to the Trustee's requests for admissions, that the Debtor transferred the proceeds to Defendant after the commencement of his bankruptcy case. Finally, it is undisputed that the Debtor transferred the settlement proceeds without prior approval of this

7

Court. [See this Court's February 13, 2006 order in Adv. Proc. No. 05-1231].

The burden now shifts to Defendant to show that the post-petition transfer was valid. Bankruptcy Rule 6001. On January 30, 2007, this Court issued an order requiring Defendant to respond to the Trustee's Motion or file a Certification of No Opposition by February 9, 2007. Defendant, however, failed to respond to the Trustee's motion. Accordingly, there is no evidence before the Court to show that the post-petition transfer was valid. The Defendant has therefore failed to meet her burden and summary judgment in favor of the Trustee is appropriate. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548 (Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.)

The Court also finds that the Defendant failed to respond to the Trustee's request for admissions and the facts as set forth in the Trustee's Motion are deemed admitted pursuant to Rule 36, Fed.R.Civ.P. The Trustee is entitled to judgment in his favor in the amount of $45,403.84. The Trustee also asks this Court to impress a lien on Defendant's home. However, the Trustee has not provided any authority supporting this Court's imposition of the a lien Accordingly, the Trustee's Motion for Summary Judgment is granted in part, without opposition, and denied in part, as stated above. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this 10th day of
April, 2007

RANDOLPH BAXTER
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

8